FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 31, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| KENNETH T., | No. 2:19-CV-00347-JTR |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| ANDREW SAUL, COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF Nos. 13, 17. Attorney Dana Madsen represents Kenneth T. (Plaintiff); Special Assistant United States Attorney Jeffrey McClain represents the Commissioner of Social Security (Defendant). The parties have consented to proceed before a magistrate judge. ECF No. 6. After reviewing the administrative record and briefs filed by the parties, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

## JURISDICTION

Plaintiff filed applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB) on August 1, 2011, alleging disability since

ORDER GRANTING DEFENDANT'S MOTION . . . - 1

February 1, 2010[1], due to back problems, shoulder problems, panic attacks, anxiety, degenerative bone disease, arthritis, inability to do any lifting, high stroke risk, and diabetes. Tr. 105. The applications were denied initially and upon reconsideration. Tr. 163-66, 172-73. Administrative Law Judge (ALJ) Lori Freund held a hearing on February 27, 2013, Tr. 51-84, and issued an unfavorable decision on May 3, 2013. Tr. 20-38. The Appeals Council denied review on June 17, 2014. Tr. 1-5. Plaintiff filed an action for judicial review on August 6, 2014. Tr. 732-33. This Court remanded the claim for further proceedings on September 1, 2015. Tr. 739-63.

ALJ Freund held three remand hearings, on July 27, 2016, October 4, 2017, and April 11, 2018, and heard testimony from medical experts Marian Martin and Allan Duby. Tr. 576-697. The ALJ issued a partially favorable decision on May 17, 2018. Tr. 516-39. The Appeals Council denied review on September 6, 2019. Tr. 466-69. Plaintiff filed the present action for judicial review on October 16, 2019. ECF No. 1.

## STATEMENT OF FACTS

The facts of the case are set forth in the administrative hearing transcripts, the ALJ's decision, and the briefs of the parties. They are only briefly summarized here.

Plaintiff was 48 years old as of the alleged onset date. Tr. 105. He attended special education classes until he quit school in the ninth grade. Tr. 267, 384. Plaintiff attempted to obtain his GED but was unable to complete the classes. Tr. 384. His work history consisted primarily of long-haul truck driving, until he rolled a semi-truck in 2010, resulting in spinal injuries and the loss of his commercial driver's license. Tr. 266, 384, 1575.

---

[1] Plaintiff later amended his alleged onset date to April 9, 2011, the day after a prior unfavorable decision. Tr. 57.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

# SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the

claimant from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193-94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE FINDINGS

On May 17, 2018, the ALJ issued a decision finding Plaintiff was not disabled prior to December 26, 2017, but became disabled on that date.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the amended alleged onset date. Tr. 519.

At step two, the ALJ determined Plaintiff had the following severe impairments: bilateral osteoarthritis of the acromioclavicular joints, status post surgery; bilateral carpal tunnel syndrome, status post release; left-sided ulnar neuropathy; mild hearing loss; degenerative disc disease – cervical spine; degenerative disc disease – lumbar spine, status post fusion; gastroesophageal reflux disease with Barrett's esophagus and hiatal hernia; chronic obstructive pulmonary disease; borderline intellectual functioning; unspecified depressive disorder; generalized anxiety disorder; somatic symptom disorder; and alcohol and cannabis use disorders. Tr. 519-20.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 520-24.

The ALJ assessed Plaintiff's residual functional capacity and determined he could perform work at a light exertional level with the following limitations:

he could sit for up to two hours at a time and six hours total in an eight-hour day; he could stand and/or walk up to one hour at a time and four hours total; he could occasionally push or pull bilaterally; he could occasionally reach overhead bilaterally but could frequently reach in all other directions; he would need to avoid climbing ladders, ropes, or scaffolds, but he could occasionally balance, stoop, kneel, crouch, crawl, and climb ramps or stairs; he should avoid concentrated exposure to extreme cold, excessive vibration, airborne irritants/particulates, hazards, and moving machinery; he should avoid all unprotected heights; he could perform simple and repetitive tasks that do not involve fast-paced, time-production work; and he would work best away from the public but could have occasional interaction with co-workers and supervisors, as long as he was not required to perform tandem tasks.

Tr. 524-25.

At step four, the ALJ found Plaintiff was unable to perform his past relevant work as a tractor-trailer truck driver. Tr. 536.

At step five, the ALJ determined that, prior to the established onset date, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that he was capable of performing, specifically identifying the representative occupations of courier, house sitter, and office helper. Tr. 536-37.

Applying the Medical-Vocational Guidelines, the ALJ found Plaintiff changed age categories on December 26, 2017, and thus became disabled on that date according to Rule 202.02. Tr. 537.

The ALJ concluded Plaintiff was not disabled prior to December 26, 2017, but became disabled on that date. Tr. 538.

**ISSUES**

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) failing to follow the 2015 remand

ORDER GRANTING DEFENDANT'S MOTION . . . - 5

order; (2) improperly discrediting Plaintiff's symptom claims; and (3) failing to properly consider and weigh the opinion evidence.[2]

## DISCUSSION

**1.    Evaluation of medical opinions**

Plaintiff argues the ALJ failed to follow the remand order from this Court and improperly considered and weighed the medical opinions from Dr. Pollack, Dr. Higgins, Mr. Jeter, and Ms. Merritt. ECF No. 13 at 17-20.

**A. The remand order**

The 2015 order from this Court found the ALJ erred in failing to address the opinion from Angela Merritt, Plaintiff's vocational rehabilitation counselor, and gave some insufficient reasons for rejecting the opinions from Dr. Pollack and Mr. Jeter. Tr. 754-58. On remand, the ALJ was directed to reevaluate the medical evidence, including those opinions. Tr. 759-60.

Plaintiff argues the ALJ failed to comply with the remand order when she evaluated the various opinions. ECF No. 13 at 17-19. However, Plaintiff has not identified any specific aspect of the order the ALJ failed to follow. The order from this Court directed the ALJ to reassess the opinions but did not direct the ALJ to accept any of the opinions outright. The ALJ discussed each of the opinions and acknowledged and retracted the prior analysis that was deemed insufficient by this

---

[2] Though Plaintiff lists the ALJ's assessment of his subjective statements in his assignments of error, he has failed to offer any legal arguments in support of this position and did not brief the issue with any specificity. ECF No. 13 at 20. The Ninth Circuit has made clear that the court will not "manufacture arguments for an appellant" and therefore will not consider claims that were not actually argued in appellant's opening brief. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Because Plaintiff failed to provide adequate briefing, the Court declines to consider this issue.

1 Court. Tr. 521-24, 527-28, 534.

2 To the extent Plaintiff implies the ALJ failed to offer sufficient reasons for rejecting portions of the medical opinions, each source will be discussed in turn.

**B. Dr. Pollack and Dr. Higgins**

When a treating or examining physician's opinion is contradicted by another physician, the ALJ is required to provide "specific and legitimate reasons," based on substantial evidence, to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating their interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). The ALJ is required to do more than offer her conclusions, she "must set forth her interpretations and explain why they, rather than the doctors', are correct." *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988). Dr. Pollack and Dr. Higgins' opinions are contradicted by the state agency doctors and the medical expert who testified at the remand hearings. *Compare* Tr. 456-65 *with* Tr. 114-15, 142-44, 591-602, 650-59.

In February 2013, Dr. Pollack conducted a consultative psychological evaluation. Tr. 456-65. He diagnosed Plaintiff with polysubstance abuse in remission, major depressive disorder, and a pain disorder associated with both psychological factors and general medical condition. Tr. 460. He opined Plaintiff was markedly impaired in his ability to perform within a schedule, maintain regular attendance, be punctual within customary tolerances, and complete a normal workweek without interruptions from psychologically-based symptoms and perform at a consistent pace without an unreasonable number and length of rest periods. Tr. 462-63. He assessed a number of other moderate limitations in work-related areas of functioning. Tr. 462-65.

Plaintiff attended another consultative exam with Dr. Higgins in 2016. 1458-

65. Dr. Higgins diagnosed Plaintiff with generalized anxiety disorder, major depressive disorder, and borderline intellectual functioning. Tr. 1461. She opined he was limited to simple instructions and judgments, did not have the ability to interact appropriately with the public, and was unable to respond appropriately to typical work situations or to changes in a routine work setting. Tr. 1461-62.

In the 2013 unfavorable decision, the ALJ offered a number of reasons for assigning little weight to Dr. Pollack's opinion, two of which were deemed invalid by this Court. Tr. 754-56. On remand, the ALJ retracted the reasoning that was deemed insufficient, and gave Dr. Pollack's opinion partial weight, noting it was partially consistent with other evidence in the record, but finding Dr. Pollock's opinions regarding concentration to be inconsistent with his exam findings and inconsistent with Dr. Higgins and Dr. Martin's opinions. Tr. 521-24. The ALJ also noted that the record indicated Plaintiff's mental condition stabilized after this exam. Tr. 534.

The ALJ gave Dr. Higgins' opinion great weight excepting the portion regarding Plaintiff's inability to respond appropriately to work situations and changes, noting that the opinion was somewhat equivocal and poorly explained, and inconsistent with other opinions in the record. Tr. 523-24, 535.

Plaintiff argues the ALJ did not give clear and convincing reasons for discounting the findings of Dr. Pollack and Dr. Higgins, arguing that the ALJ should not have given greater weight to Dr. Martin because all of the evidence indicated Plaintiff was not able to work. ECF No. 13 at 18.

The Court finds no error in the ALJ's analysis. An ALJ may reasonably consider the supportability and consistency of an opinion. 20 C.F.R. §§ 404.1527(c), 416.927(c) ("The better an explanation a source provides for a medical opinion, the more weight we will give that medical opinion. . . . Generally, the more consistent a medical opinion is with the record as a whole, the more weight we will give to that medical opinion."). The ALJ reasonably discussed the

ORDER GRANTING DEFENDANT'S MOTION . . . - 8

medical record and found various portions of the opinions to be unsupported or inadequately explained. Plaintiff has not offered any explanation as to how the ALJ's evaluation of the record was incorrect or why she erred in relying on the testimony of the medical expert. Plaintiff fails to address any of the ALJ's rationale, and simply offers an alternative interpretation of the evidence and urges a re-weighing of the opinions. The Court finds the ALJ offered specific and legitimate reasons for discounting portions of these two consultative exams.

### C. Mr. Jeter and Ms. Merritt

An ALJ may discount the opinion of an "other source," such as a physical therapist, if they provide "reasons germane to each witness for doing so." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *Dodrill v. Shalala*, 12 F.3d 915, 918-19 (9th Cir. 1993).

In August 2011, Plaintiff had a functional capacity assessment with Mr. Jeter, a physical therapist. Tr. 329-33. Mr. Jeter opined Plaintiff was only capable of sedentary work at the time, required standing/walking breaks on a regular basis, and had a very limited ability to lift or carry items. Tr. 329.

At the end of 2011, Plaintiff completed a 30-day community-based assessment through vocational rehabilitation, where he worked part-time with Goodwill Industries. Tr. 297-302. His vocational counselor, Angela Merritt, completed an outcome report at the conclusion of the placement, and noted that Plaintiff's physical barriers and attendance issues rendered him unemployable in the community at that time. She noted he struggled with stamina and endurance and needed additional rest periods and a sit/stand work-station. *Id.*

In the 2013 unfavorable decision, the ALJ failed to discuss Ms. Merritt's opinion and gave insufficient reasons for disregarding Mr. Jeter's opinion. Tr. 757-58. On remand, the ALJ gave little weight to Mr. Jeter's opinion, noting it was a one-time examining opinion, appeared based on observations that were not noted elsewhere in the record, was unsupported by other evidence, and was inconsistent

with other acceptable source opinions. Tr. 527. The ALJ also assigned little weight to Ms. Merritt's opinion, noting she was not a medical source and based her opinion on her observations of Plaintiff, and found her opinion inconsistent with objective medical findings and Plaintiff's activities. Tr. 528.

Plaintiff argues these opinions and the weight of the evidence support a finding that Plaintiff was limited to no more than sedentary work, requiring a finding of disability as of age 50 under the Medical Vocational Guidelines. ECF No. 13 at 18-19. Plaintiff has not advanced any argument regarding the specific reasons offered by the ALJ for assigning little weight to these opinions.

The Court finds the ALJ offered germane reasons for disregarding both opinions. The consistency of a medical opinion with the record as a whole is a germane factor for an ALJ to consider in evaluating the weight due to an "other source." 20 C.F.R. §§ 416.927(c)(2)(4), 416.927(f). An ALJ may also discount third-party evidence that is similar to the claimant's reports for the same reasons as she discounts the claimant. *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012). The ALJ reasonably discussed the record and the conflicting opinions and objective records in assigning little weight to Mr. Jeter and Ms. Merritt. Therefore, the ALJ's decision is supported by substantial evidence.

## CONCLUSION

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

2. Plaintiff's Motion for Summary Judgment, **ECF No. 13**, is **DENIED**

The District Court Executive is directed to file this Order and provide a copy

///

///

///

///

to counsel for Plaintiff and Defendant. Judgment shall be entered for Defendant and the file shall be **CLOSED**.

    **IT IS SO ORDERED.**

        DATED December 31, 2020.



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING DEFENDANT'S MOTION . . . - 11